UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NORFOLK SOUTHERN RAILWAY COMPANY,

    Plaintiff/
    Counterclaim-Defendant,

v.

VILLAGE OF VOORHEESVILLE; RICHARD STRAUT, in his official capacity as Mayor; STEVE MASON, in his Official capacity as Code Enforcement Officer and Building Inspector,

    Defendants/
    Counterclaim-Plaintiffs.

Civil Action No. 1:25-cv-1413 (BKS/ PJE)

---

VILLAGE OF VOORHEESVILLE,

    Defendant/Counterclaim-Plaintiff/
    Third-Party Plaintiff,

v.

JC POPS INDUSTRIAL PARK, LLC,

    Third-Party Defendant.

---

## DECLARATION OF BRETT HOTALING

I, Brett Hotaling, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Superintendent of the Department of Public Works ("DPW Superintendent") for the Village of Voorheesville ("the Village"). I have served in this capacity since in or about 2016. I make this declaration based on my personal knowledge of the facts and circumstances set forth herein.

2. As DPW Superintendent I am charged with monitoring, administering and maintaining the Village's public water system (the "Public Water System"). That Public Water System is governed by a local law and the "Village of Voorheesville Water System Rules and Regulations"—that have been enacted by the Village.

3. The Public Water System is also subject to the standards and requirements of the New York State Sanitary Code; and certain "Recommended Standards for Water Works" have been adopted by the State of New York.

4. In the County of Albany, where the Village is located, the New York State Sanitary Code is administered by the Albany County Department of Health. The County Department of Health also determines whether a proposed project meets the applicable specifications that are set forth in the Recommended Standards.

5. Earlier this year I was contacted by representatives of Colliers Engineering and Design ("Colliers") regarding a "water service" that Colliers sought for a "crew training building at approximately 86 School Road (1 Countryside Lane)" in the Village. Colliers stated that they had been retained by Norfolk Southern Railroad Company ("Norfolk Southern").

6. 86 School Road is not an identifiable parcel within the Village; and 1 Countryside Lane is owned by JC Pops Industrial Park, LLC ("JC Pops"), not Norfolk Southern.

7. In addition, the specifications for the extension that were proposed by Colliers—involving a 1" "water service" that would bore under two public roads and a soon-to-be active rail line—were clearly deficient.

8. Several weeks later I received a second inquiry from Colliers regarding "approximately 86 School Road". That inquiry proposed slightly revised—but still deficient—specifications for a "water service" extension of the Public Water System. The inquiry also

indicated that 86 School Road was associated with real property Tax Parcel ID number 61.-3-14.1—which is a property that is located outside of the Village in the Town of New Scotland.

9. It is my understanding that I cannot entertain a Water Tap Application unless it is submitted by the owner of the property that is to be benefited by a water tap (or an authorized representative of that owner).

10. In this instance, no formal Water Tap Application or associated fee has been submitted to the Village on behalf of JC Pops, the owner of 1 Countryside Lane.

11. I am advised that Norfolk Southern now contends that it is the owner of property located at "approximately 86 School Road". No such address is recognized by the County of Albany or Village, however. And, in any event, I have not received any Application or associated fee on Norfolk Southern's behalf.

12. Regarding the details of Collier's proposals, I would also note that they are clearly deficient. An extension of the Public Water System, involving the directional drilling and subsequent maintenance of water pipe under two public roadways and an active rail line, would require an extension of the Village's water "main"—not simple a "water service" lateral.

13. In addition, any expansion of the Public Water System via its mains would require the approval of the Albany County Department of Health—and compliance with the New York State Sanitary Code.

14. On information and belief, no application concerning this matter has ever been submitted to Albany County—let alone approved. It is my understanding that had JC Pops submitted a Subdivision Application in connection with its attempted conveyance of a portion of its property to Norfolk Southern these issues would have been addressed at that time.

15. Finally, it is my understanding that as part of its current application Norfolk Southern seeks to be able proceed with the construction of its proposed crew change facility. For a Certificate of Occupancy to be issued for such a facility, it is my understanding that the expansion of the Public Water System described above would also be necessary.

16. An expansion of the of the Public Water System to service "approximately 86 School Road (1 Countryside Lane)" will also make the Public Water System accessible to an approximately fifty (50) acre parcel on the opposite side of School Road.

17. The Village has not conducted any analysis to determine if its Public Water System has the capacity to service the significant development that could occur at that location if public water is easily accessible.

18. I would also note that under the Water System's Rules and Regulations no installations of water lines are permitted After November 1st and prior to April 1st each year.

19. As the Village official charged with oversight of the Public Water System, I respectfully submit that the permanent expansion of the Public Water System that is apparently sought by Norfolk Southern should not be mandated by this Court in the context of an application for preliminary relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2025.

_____
Brett Hotaling